# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LUIS J. ROJAS, BAR NO. 3964.

No. 75289

FILED

DEC 11 2018


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Luis J. Rojas be allowed to seek reinstatement to the practice of law, be required to pay $790,000 in restitution within five years, and be suspended for two years upon full payment of restitution for violations of RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants).

The State Bar has the burden of demonstrating by clear and convincing evidence that Rojas committed the violations. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

Rojas' paralegal embezzled more than $800,000 from Rojas' trust account by taking checks made out to his clients, reissuing the checks in the same amount, and utilizing Rojas' electronic signature to make those checks payable to one of the paralegal's nine co-conspirators. In reviewing the reconciliations between his trust account and client files, Rojas did not

18-909887

review the copies of the checks, and thus, believed the reconciliations were proper because the amounts were the same. Additionally, after Rojas learned of his paralegal's criminal history he did not implement any safeguards to ensure that she did not have unfettered access to his trust account. Rojas does not challenge the panel's findings that he violated RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants) and substantial evidence supports those findings. Thus, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Rojas violated those rules.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Rojas violated duties owed to his clients (safekeeping property) and to the profession (responsibilities regarding nonlawyer assistants). Rojas' clients were seriously injured because their lienholders were never paid. While it seems that his paralegal ran a sophisticated scam on Rojas, Rojas should have known that it was improper to give an employee unfettered access to his trust account checks and his signature. Moreover, upon discovering his paralegal's criminal record, Rojas should have known that he needed to put safeguards in place to protect his clients' funds from this employee. Thus, suspension is the appropriate discipline before considering the aggravating and mitigating circumstances. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility*

*Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.").

Rojas does not challenge, and substantial evidence supports, the five aggravating circumstances (pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of his conduct, vulnerability of the victims, and substantial experience in the practice of law) and the three mitigating circumstances (absence of dishonest or selfish motive, personal or emotional problems, and character or reputation) found by the panel. Additionally, the panel did not err in failing to find the mitigating circumstance of timely good faith effort to make restitution or rectify the consequences of the misconduct because Rojas has paid restitution to only a limited number of clients and, even though he discovered the fraud almost three years ago, he has made only minimal efforts to determine who is owed what. The panel also did not err in failing to find the mitigating circumstance of full and free disclosure to the disciplinary authority as Rojas did not report the problems with his trust account to the State Bar and he was uncooperative with the State Bar until the disciplinary complaint was filed.

In light of the aggravating and mitigating circumstances, a deviation from the baseline discipline is not warranted. Thus, considering all of the factors, we conclude that a suspension is warranted but we further conclude that the discipline recommended by the panel does not serve the purpose of attorney discipline, as Rojas would not be suspended until after he pays restitution, which discourages Rojas from paying the restitution and seems more designed to punish Rojas than to protect the public.

Accordingly, we hereby suspend attorney Luis J. Rojas from the practice of law in Nevada for two years from the date of this order. Rojas shall obtain a professional audit at his expense to determine the parties to whom restitution is owed, and the results of that audit must be submitted to the State Bar within 30 days of the audit's completion. It appears from the records available that Rojas owes up to $790,000 in restitution. This amount may change depending on the results of the audit. During his suspension, Rojas shall make monthly payments to reduce the amount of restitution owed to the parties identified in the audit at a rate of 25% of his net taxable income. His reinstatement is conditioned on his good faith adherence to the foregoing restitution payment schedule. Additionally, Rojas must comply with the conditions in *In re Discipline of Rojas*, Docket No. 69787 (Order of Suspension, June 14, 2016), before seeking reinstatement. Further, Rojas shall pay the actual costs of the disciplinary proceedings, including $2,500 under SCR 120 within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

---

[1] The Honorable Michael Cherry, Justice, did not participate in the decision of this matter.

cc: Chair, Southern Nevada Disciplinary Panel
Lipson Neilson Cole Seltzer & Garin, P.C.
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court